UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 08-4829 MJD/FLN

Melissa E. Johnson,

    Plaintiff,

v.

CSC Credit Services, Inc.;
Equifax Information Services, LLC;
AMC Mortgage Services;
Blue Green Corp;
Greater MN Credit Union;
SLC Student Loan Trust;

**AMENDED COMPLAINT
WITH JURY TRIAL DEMAND**

    Defendants.

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff Melissa Johnson is a natural person who resides in the city of Osseo, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant CSC Credit Services, Inc., ("CSC") is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

4. Defendant Equifax Information Services, LLC, ("Equifax"), is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

5. Defendant AMC Mortgage Services ("AMC") does business in Minnesota and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

6. Defendant Blue Green Corp ("Blue Green") does business in Minnesota and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

7. Defendant Greater MN Credit Union ("GMCU") does business in Minnesota and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

8. Defendant SLC Student Loan Trust ("SLC") does business in Minnesota and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

## JURISDICTION AND VENUE

9. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

10. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. In 2006, Plaintiff discovered that CSC and/or Equifax had unreasonably placed numerous entries on her credit report that were not hers.

12. Defendants CSC and Equifax share the same database.

13. CSC and Equifax are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

14. To Plaintiff's knowledge, the other major credit bureaus, Experian and Trans Union, have never reported items not belonging to Plaintiff on Plaintiff's credit reports.

15. In a letter dated August 28, 2006, Plaintiff disputed false entries on her credit report, including GMCU and SLC accounts, to CSC.

16. In her August 28, 2006 letter to CSC, Plaintiff explained:

"This letter is to inform you that I Think my credit report has been combined with another Melissa's. When looking at the account number Wells Fargo EFS account I noticed the account number is: [XXXXX]523503 I believe her social security number is [XXXXX]5235 and someone transposed the numbers and added her information to my credit file as my social security number is [XXXXX]5325. My name has never been Melissa A. Hurska. . . . My name has only been Melissa Elisabeth Johnson . . . . There are several credit accounts that were

established before 2001 and I did not turn 18 until May 27, 2001. . . . I have went through the entire credit report and marked the discrepancies as the 'Research Request Form' is not large enough to contain all the error's that are in my credit report. Below is a list of credit accounts and credit inquiry's that are not mine: . . ."

17. CSC notified GMCU of Plaintiff's August, 2006, dispute.

18. In the alternative, CSC failed to notify GMCU of Plaintiff's August, 2006, dispute.

19. CSC notified SLC of Plaintiff's August, 2006, dispute.

20. In the alternative, CSC failed to notify SLC of Plaintiff's August, 2006, dispute.

21. Plaintiff received five different sets of investigation results from CSC dated October 3, 2006.

22. One of CSC's October 3, 2006 investigation results indicated that the GMCU account had been "verified" as belonging to Plaintiff.

23. The indication that any GMCU account belonged to Plaintiff was inaccurate.

24. One of CSC's October 3, 2006 investigation results indicated that the SLC account had been "verified" as belonging to Plaintiff.

25. The indication that any SLC account belonged to Plaintiff was inaccurate.

26. CSC's October 3, 2006, investigation results indicated that several other accounts that did not actually belong to Plaintiff had been "verified" as belonging to Plaintiff.

27. CSC's October 3, 2006, investigation results gave conflicting information as to whether some disputed accounts had been deleted or not.

28. CSC failed to investigate some of the items that Plaintiff had disputed in her August, 2006, dispute.

29. In a telephone conversation with CSC on or about October 12, 2006, CSC told Plaintiff that the date of birth CSC had on file for her was a date in 1977.

30. Plaintiff was born on a different date, in 1983.

31. After that telephone conversation, in a letter dated October 12, 2006, Plaintiff again disputed false entries on her credit report, including the date of birth and AMC, Blue Green, GMCU and SLC accounts, to CSC.

32. In her October 12, 2006, letter to CSC, Plaintiff explained:

"I have . . . enclosed my current MN photo I.D. to show you that my date of birth is not [X/XX]/1977 . . . . To reiterate I believe that my social security number has been confused/added with a Melissa A Hruska's. Several of the account numbers are very close to my social security number with just a number transposed."

33. With her October 12, 2006, dispute letter, Plaintiff included her Minnesota driver's license, which correctly showed her date of birth in 1983.

34. CSC notified AMC of Plaintiff's October, 2006, dispute.

35. In the alternative, CSC failed to notify AMC of Plaintiff's October, 2006, dispute.

36. CSC notified Blue Green of Plaintiff's October, 2006, dispute.

37. In the alternative, CSC failed to notify Blue Green of Plaintiff's October, 2006, dispute.

38. CSC notified GMCU of Plaintiff's October, 2006, dispute.

39. In the alternative, CSC failed to notify GMCU of Plaintiff's October, 2006, dispute.

40. CSC notified SLC of Plaintiff's October, 2006, dispute.

41. In the alternative, CSC failed to notify SLC of Plaintiff's October, 2006, dispute.

42. Plaintiff received investigation results from CSC dated November 9, 2006.

43. CSC's November 9, 2006, investigation results falsely gave Plaintiff's date of birth as [X/XX/]1977.

44. CSC failed to investigate Plaintiff's October, 2006, dispute as to her date of birth.

45. CSC's November 9, 2006, investigation results indicated that the AMC, Blue Green, GMCU, and SLC accounts had been "verified" as belonging to Plaintiff.

46. The indication that any AMC account belonged to Plaintiff was inaccurate.

47. The indication that any Blue Green account belonged to Plaintiff was inaccurate.

48. CSC's November 9, 2006, investigation results indicated that several other accounts that did not actually belong to Plaintiff had been "verified" as belonging to Plaintiff.

49. CSC failed to investigate some of the items that Plaintiff had disputed in her October, 2006, dispute.

50. In a letter dated November 3, 2007, Plaintiff yet again disputed to CSC false entries on her credit report, including the SLC account, an Americredit account, and the incorrect date of birth.

51. CSC notified SLC of Plaintiff's November, 2007, dispute.

52. In the alternative, CSC failed to notify SLC of Plaintiff's November, 2007, dispute.

53. Plaintiff received investigation results from CSC dated December 10, 2007.

54. CSC's December 10, 2007, investigation results still falsely gave Plaintiff's date of birth as [X/XX/]1977.

55. CSC failed to investigate Plaintiff's November, 2007, dispute as to her date of birth.

56. CSC's December 10, 2007, investigation results indicated that the SLC account had been "verified" as belonging to Plaintiff.

57. CSC's December 10, 2007, investigation results indicated that the Americredit account had been deleted from Plaintiff's file pursuant to Plaintiff's dispute.

58. CSC failed to investigate some of the items that Plaintiff had disputed in her November, 2007, dispute.

59. Plaintiff obtained a CSC credit report dated December 31, 2007.

60. The Americredit account that had previously been deleted pursuant to Plaintiff's dispute had been reinserted into Plaintiff's file in the CSC/Equifax database.

61. Neither Equifax nor CSC ever received from Americredit a certification that it was accurate to reinsert the Americredit account into Plaintiff's file.

62. Neither Equifax nor CSC ever provided notice to Plaintiff that the false Americredit account was being reinserted.

63. As there was no reinsertion notice to Plaintiff at all, there was no notice that included the name, address, and telephone number of Americredit or any other furnisher of the false information.

64. Disputed information not belonging to Plaintiff continued to appear on Plaintiff's CSC/Equifax credit reports into 2008.

65. From 2006 to the present, Plaintiff disputed to CSC the inaccurate reporting of numerous accounts multiple times, including without limitation the disputes specified herein.

66. Due to Defendant CSC's, AMC's, Blue Green's, GMCU's, and SLC's respective failures to conduct reasonable investigations of Plaintiff's disputes, the disputed items of information on Plaintiff's credit reports that did not belong to her were not appropriately deleted.

67. In addition to the accounts she had disputed, different accounts not belonging to Plaintiff continued to newly appear on Plaintiff's CSC/Equifax credit reports in 2008.

68. Plaintiff's January 31, 2008, CSC credit report showed a total balance of more than $29,000 in obligations that did not actually belong to Plaintiff.

69. On May 16, 2008, Wells Fargo Bank, N.A., denied Plaintiff's application for credit due at least in substantial part to the falsely-inflated obligations on Plaintiff's CSC/Equifax credit report.

70. CSC and Equifax furnished numerous consumer reports on Plaintiff to entities that had no permissible purpose for Plaintiff's consumer report.

71. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## TRIAL BY JURY

72. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### CSC AND EQUIFAX

73. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

74. Defendants CSC and Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

75. As a result of CSC's and Equifax's violations of § 1681e(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.  Plaintiff is

therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

76. CSC's and Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

77. Plaintiff is entitled to recover costs and attorney's fees from Defendants CSC and Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## CSC

78. Defendant CSC willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct reasonable reinvestigations of Plaintiff's disputes and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

79. As a result of CSC's violations of § 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

80. CSC's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

81. Plaintiff is entitled to recover costs and attorney's fees from Defendants CSC, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681s-2(b)
## AMC, BLUE GREEN, GMCU, AND SLC

82. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

83. Defendants AMC, Blue Green, GMCU, and SLC willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

84. As a result of AMC's, Blue Green's, GMCU's, and SLC's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

85. AMC's, Blue Green's, GMCU's, and SLC's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

86. Plaintiff is entitled to recover costs and attorney's fees from Defendants AMC, Blue Green, GMCU, and SLC pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT IV:
## CREDIT DEFAMATION
## ALL DEFENDANTS

87. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

88. Defendants' foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's credit reports, constitute credit defamation.

89. Defendants' foregoing actions and omissions were intentional and malicious.

90. As a result of Defendants' intentional and malicious credit defamation, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## COUNT V:
## NEGLIGENCE
## ALL DEFENDANTS

91. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

92. Defendants' foregoing actions and omissions constitute a breach of Defendants' duty to Plaintiff.

93. Defendants' foregoing actions were intentional and malicious.

94. As a result of Defendants' intentional and malicious negligence, Plaintiff has suffered actual damages including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## COUNT VI:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(5)(B) and (C)
## CSC AND EQUIFAX

95. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

96. Defendants CSC and Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)(5)(B) and (C) in multiple ways, including without limitation by reinserting the Americredit account into Plaintiff's file without certification of accuracy from Americredit or appropriate notice to Plaintiff.

97. As a result of CSC's and Equifax's violations of § 1681i(a)(5)(B) and (C), Plaintiff has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

98. CSC's and Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

99. Plaintiff is entitled to recover costs and attorney's fees from Defendants CSC and Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT VII:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681b(a)
## CSC AND EQUIFAX

100. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

101. Defendants CSC and Equifax willfully and/or negligently violated 15 U.S.C. § 1681b(a) by furnishing consumer reports on Plaintiff to entities lacking a permissible purpose for Plaintiff's consumer report.

102. As a result of CSC's and Equifax's violations of § 1681b(a), Plaintiff has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

103. CSC's and Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

104. Plaintiff is entitled to recover costs and attorney's fees from Defendants CSC and Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

   a.) Plaintiff's actual damages;

   b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

   d.) Such other and further relief as may be just and proper.

Dated:      2/3/09                                             **GOOLSBY LAW OFFICE, LLC**

                                                               By:        s/John H. Goolsby
                                                               John H. Goolsby, #0320201
                                                               2021 East Hennepin Avenue, Suite 195
                                                               Minneapolis, MN 55413
                                                               Telephone:  (612) 331-8700
                                                               jgoolsby@goolsbylawoffice.com
                                                               **Attorney for Plaintiff**